UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CRUZ,

                              Plaintiff,

                                                          9:05-CV-1067
v.                                                        (GTS/DEP)

M. CHURCH, Corr. Officer, *et al.*,

                              Defendants.
_____

APPEARANCES:                                OF COUNSEL:

HERMAN CRUZ, 86-C-0468
   Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO                         STEPHEN M. KERWIN, ESQ.
Attorney General for the State of New York
   Counsel for Defendants

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff Herman Cruz, a New York State prison inmate, filed this *pro se* civil rights

action pursuant to 42 U.S.C. § 1983, against six correctional officials employed by the New

York State Department of Corrections.  Generally, in his Complaint, Plaintiff alleges that

Defendants violated his rights under the Constitution when, between approximately June and

July of 2005, at Upstate Correctional Facility, they (1) used excessive force against him, (2)

issued a retaliatory misbehavior report against him, and (3) denied him meals on isolated

occasions.  (Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)  Currently before the Court is Defendants' motion

for summary judgment, and a Report-Recommendation that the motion be granted in part and

denied in part.  For the reasons set forth below, the Report-Recommendation is adopted in its

entirety.

## I.   BACKGROUND

On April 23, 2007, Defendants moved for summary judgment with regard to Plaintiff's entire Complaint.  (Dkt. No. 53.)  The motion was referred to Magistrate Judge David E. Peebles for a Report-Recommendation.  On June 17, 2008, Magistrate Judge Peebles issued a Report-Recommendation that the Court grant Defendants' motion with regard to Plaintiff's retaliation and food-deprivation claims, but that the Court otherwise deny the motion.  (Dkt. No. 80.)   On June 27, 2007, Plaintiff filed what he characterized as a "response," but "not [an] objection," to the Report-Recommendation.  (Dkt. No. 83.)  In that submission, Plaintiff takes issue with certain findings of fact made by Magistrate Judge Peebles with regard to Plaintiff's food-deprivation and his excessive-force claims.  (*Id*.)  On July 7, 2008, Defendants filed an objection to the Report-Recommendation with regard to Plaintiff's excessive force claim.  (Dkt. No. 85.)

## II.   STANDARD OF REVIEW

When specific objections to a Report-Recommendation are made, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  When only general objections are made, the Court reviews for clear error or manifest injustice.  *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when no objection is made, the Court reviews for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or

2

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

### A.   Plaintiff's Retaliation Claim

Since neither party filed an objection to Magistrate Judge Peebles' Report-Recommendation with regard to Plaintiff's retaliation claim, the Court reviews that portion of the Report-Recommendation for clear error or manifest injustice.  After careful review, the Court concludes that the Magistrate Judge Peebles' Report-Recommendation with regard to Plaintiff's retaliation claim is well-reasoned and not clearly erroneous.  Magistrate Judge Peebles employed the proper legal standard, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court adopts that portion of the Report-Recommendation.

### B.   Plaintiff's Food-Deprivation Claim

As stated above, in his "response" to Magistrate Judge Peebles' Report-Recommendation, Plaintiff takes issue with certain findings of fact made with regard to his food-deprivation claim. (Dkt. No. 83.)  Regardless of whether the Court construes Plaintiff's response as a specific objection or a general objection, the Court finds no error (clear or otherwise) in Magistrate Judge Peebles' findings of fact and recommendation regarding Plaintiff's food-deprivation claim. Plaintiff simply has not adduced record evidence establishing that Defendants subjected him to food deprivations that were sufficiently serious to rise to the level of an Eighth Amendment violation.  (*See* Dkt. No. 80, at 19-20 [Report-Recommendation, citing cases].)  *See also Cagle v. Perry*, 04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (McAvoy, J., adopting on *de novo* review Report-Recommendation) (two meal deprivations not sufficiently numerous, prolonged or severe to rise to level of Eighth Amendment violation).  As a result, the Court

adopts this portion of the Report-Recommendation.

      **C.**    **Plaintiff's Excessive Force Claim**

      Defendants make two objections to Magistrate Judge Peebles' recommendation with respect to Plaintiff's excessive force claim.  First, Defendants argue that Magistrate Judge Peebles should not have disregarded Plaintiff's failure to comply with Local Rule 7.1(a)(3)'s requirement that a party opposing a motion for summary judgment file a response to the movant's Statement of Material Facts that admits or denies each of the movant's assertions in matching numbered paragraphs, supporting each denial with a specific citation to the record. (Dkt. No. 85, Part 1, at 1-5.)  Second, Defendants argue that Magistrate Judge Peebles should have followed the established precedent in this Circuit holding that issues of credibility may be resolved by the Court on a motion for summary judgment when one of the parties has offered conflicting statements, some of which are consistent with the opposing party's version of events. (*Id*. at 5-6.)

              **1.**    **Plaintiff's Failure to Comply with Local Rule 7.1(a)(3)**

      As an initial matter, it is questionable whether Defendants' purported "Notice Under Local Rule 56.2" satisfies the requirements of Local Rule 56.2.  Local Rule 56.2 provides, in pertinent part: "When moving for summary judgment against a pro se litigant, the moving party shall inform the *pro se* litigant of the consequences of failing to respond to the summary judgment motion."  N.D.N.Y. L.R. 56.2.  While Local Rule 56.2 does not state in detail what the substance of the defendant's Rule 56.2 Notice shall be, it does state that "[a] sample notice can be obtained from the Court's webpage at 'www.nynd.uscourts.gov.'" *Id*.  That sample notice provides, in pertinent part: "Pursuant to Local Rule 7.1 . . ., you are required to submit the

following papers in opposition to this motion: . . . a short and concise statement of material facts as to which you claim there are genuine issues in dispute. . . . *If you do not submit a short and concise statement of material facts as to which you claim there are genuine issues in dispute,* all material facts set forth in the statement filed and served by the defendant(s) shall be deemed admitted." *See* N.D.N.Y. Rule 56.2 Notification,

http://www.nynd.uscourts.gov/pdf/ftasumjd.pdf [last visited Oct. 20, 2008] [emphasis deleted and added].

Here, Defendants' purported "Notice Under Local Rule 56.2" did not specifically notify Plaintiff that, *if he did not submit a response to Defendants' Statement of Material Facts,* all material facts set forth in Defendants' Statement of Material Facts would be deemed admitted. (Dkt. No. 53, Part 5.) Rather, Defendants' notice advised Plaintiff that "if you do not respond to the motion for summary judgment on time *with affidavits or documentary evidence* contradicting the facts asserted by the defendants, the court may accept the defendants' factual assertions as true." (*Id.* at 2 [emphasis added]. Defendants' warning is, of course, true. However, it is not complete in that it neglects to advise Plaintiff that he must also submit a written response to Defendants' Statement of Material Facts. Simply stated, such a notice potentially leaves a *pro se* plaintiff with the misimpression that it is permissible to not submit a written response to a defendant's statement of material facts so long as he submits affidavits or documentary evidence, because the Court will necessarily conduct a *sua sponte* review of those affidavits or documentary evidence for evidence contradicting the facts asserted by the defendants. This mis-impression is only exacerbated by the fact that Defendants' notice also states that "[a]n affidavit is a sworn statement of fact . . ." (Dkt. No. 53, Part 5, at 1.) This statement is true but (under the

circumstances) potentially leaves a *pro se* plaintiff with the misimpression that an affidavit and a response to a Statement of Material Facts are the same thing.  *Compare* N.D.N.Y. L.R. 7.1(a)(2) (describing an "affidavit") *with* N.D.N.Y. L.R. 7.1(a)(3) (describing a "response to the Statement of Material Facts" as distinct from an "affidavit[]").[1]

In any event, the Court need not hold that Defendants' notice fails to comply with Local Rule 56.2.  This is because, even assuming Defendants' notice were adequate (and Plaintiff's Rule 7.1 Response were not adequate), "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules [including the a local rule requiring a response to a statement of material facts]."  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (affirming district court's exercise of discretion to overlook *pro se* civil rights plaintiff's failure to comply with local rule requiring response to statement of material facts on defendant's motion for summary judgment) [citations omitted].  While Defendants cite numerous cases in which this Court has exercised this discretion by refusing to overlook a violation of Local Rule 7.1(a)(3),[2] other cases exist in which this Court has exercised this

---

[1]        In addition to appearing to fall short of the requirements of Local Rule 56.2, it would appear that Defendants' notice falls short of the notice requirements contemplated by the Second Circuit in *Champion v. Artuz*,  76 F.3d 483, 486 (2d Cir. 1996) (finding a notice provided by the New York State Attorney General's Office adequate because, in part, it "expressly warned [the *pro se* plaintiff] that . . . if he did not provide the court with a short statement of any material facts as to which he contended there existed a genuine issue, the court would accept the assertions of the State's . . . statement [of material facts] as true . . . .").

[2]        It is worth noting that, in none of the cases cited by Defendants did this Court hold that, by requiring that a non-movant file a response to the movant's Statement of Material Facts, Local Rule 7.1(a)(3) confers upon the movant some sort of absolute right to have its factual assertions deemed admitted.  This is because the primary purpose of requiring a *response* to a Statement of Material Facts (which can be followed by only a brief reply by the movant under the Local Rules) is to aid *the Court* in determining whether a question of material fact exists based on the record evidence before it.  *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62,

6

discretion by overlooking such a violation.[3]  The reason for these differing decisions is that it is

within the Court's broad discretion (based on the circumstances) whether or not to shoulder the

burden of performing an independent review of the record to find proof of a factual dispute.[4]

Here, the Court finds no error in Magistrate Judge Peebles' decision to conduct such a

review.  As Magistrate Judge Peebles alluded to in his thorough Report-Recommendation,

Plaintiff filed what he intended to be a response to Defendants' Statement of Material Facts.

(Dkt. No. 80, at 9, n.6.)  The problem with that response was that it did not comply with Local

Rule 7.1(a)(3) in that it did not (1) mirror each of the thirteen paragraphs of Defendants'

Statement of Material Facts, (2) expressly admit or deny each of Defendants' factual assertions,

and (3) support each denial with a specific citation to the record.  (Dkt. No. 55, Part 1, at 3-6

---

73 (2d Cir. 2001); *Kilmer v. Flocar, Inc.*, 212 F.R.D. 66, 69 (N.D.N.Y. 2002) (Munson, J.); *Washington v. Niagara Mohawk Power Corp.*, 103 F. Supp.2d 517, 520 (N.D.N.Y. 2000) (Kahn, J.).

[3]      *See, e.g., Johnson v. Tedford*, 04-CV-0632, 2007 WL 4118284, at *2 (N.D.N.Y. Nov. 16, 2007) (Sharpe, J., adopting Report-Recommendation); *Bost v. Bockelmann*, 04-CV-0246, 2007 WL 527320, at *2 (N.D.N.Y. Feb. 20, 2007) (Sharpe, J., adopting Report-Recommendation); *Colida v. Sony Corp.*, 93-CV-0573, 1994 WL 806088, at *2, n.4 (N.D.N.Y. Dec. 16, 1994) (Cholakis, J.), *vacated in part on other grounds*, No. 95-1375, 70 F.3d 130 (Fed. Cir. Nov. 16, 1995).

[4]      *See Monahan v. City of N.Y. Dept. of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) ("[T]he trial court has discretion to conduct an assiduous review of the record [despite the filing of a faulty statement of material facts required by a local rule] in an effort to weigh the propriety of granting a summary judgment motion . . . .") [citations omitted]; *Gill v. Frawley*, 02-CV-1380, 2006 WL 1742738, at *9 (N.D.N.Y. June 22, 2006) (McAvoy, J., adopting, on *de novo* review, Report-Recommendation) ("[T]he Court certainly retains the discretion to conduct . . . an independent review [of the record to find proof of a factual dispute."), *accord, Dawkins v. Williams*, 511 F. Supp.2d 248, 255 (N.D.N.Y. 2007) (Kahn, J., adopting, in pertinent part, Report-Recommendation) [citations omitted]; *Doe v. Nat'l Bd. of Podiatric Med. Exam'rs*, 03-CV-4034, 2004 WL 912599, at *4, n.4 (S.D.N.Y. Aug. 29, 2004) ("In deciding a motion for summary judgment, a district court is not constrained to rely on assertions made in a Local Rule 56.1 statement but may instead, at its discretion, perform an independent review of the record to determine how the motion for summary judgment should be decided.") [citations omitted].

[Plf.'s "Statement of Facts," containing twelve paragraphs, only seven of which were supported by citations to the record].)  However, the record evidence adduced by Plaintiff was not particularly copious, consisting of some thirty-eight (38) pages of exhibits and affidavit testimony.  (Dkt. No. 55, Part 1, at 7-21; Dkt. No. 55, Part 3, at 1-5; Dkt. No. 55, Part 3, at 6-24.)  Moreover, before he filed his papers in opposition to Defendants' motion in this action on May 4, 2007, Plaintiff was not so experienced at federal court litigation that the special leniency normally afforded to *pro se* litigants because of their experience should have been diminished.[5]

For these reasons, the Court is not persuaded by Defendants' argument that Magistrate Judge Peebles erred by excusing Plaintiff's failure to comply with Local Rule 7.1(a)(3).

## 2.    Plaintiff's Inconsistent Statements as to the Source of His Injury

In support of their argument that it is the established precedent in this Circuit that issues of credibility may be resolved by the Court on a motion for summary judgment when one of the parties has offered conflicting statements and some of those statements are consistent with the opposing party's version of events, Defendants cite *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005).  (Dkt. No. 85, Part 1, at 5-6.)  Defendants need to appreciate the narrowness of the exception discussed in *Jeffreys*, and the circumstances necessary to trigger that narrow exception.

---

[5]    In particular, before May 4, 2007, Plaintiff had filed five other federal court actions.  *See Cruz v. Senkowski*, 90-CV-0289 (W.D.N.Y.) (habeas corpus proceeding); *Cruz v. Wead*, 97-CV-0846 (W.D.N.Y.) (prisoner civil rights action); *Cruz v. Hillman*, 01-CV-4169 (S.D.N.Y.) (prisoner civil rights action); *Cruz v. Thompson*, 04-CV-1497 (N.D.N.Y.) (prisoner civil rights action); *Cruz v. Lashway*, 06-CV-0867 (N.D.N.Y.) (prisoner civil rights action).  It appears that, as of May 4, 2007, he had filed only one response to a motion for summary judgment in federal court, and it is unclear whether that response included response to a Statement of Material Facts.  *See Cruz v. Wead*, 97-CV-0846 (W.D.N.Y.) (Plaintiff filed a "response" to defendants' motion for summary judgment on June 20, 2001).

8

It is well established that issues of credibility are *almost never* to be resolved by a court on a motion for summary judgment.[6] Granted, there is a *narrow exception* to this well-established rule. *Blake v. Race*, 487 F. Supp.2d 187, 202 (E.D.N.Y. March 29, 2007). In *Jeffreys*, the Second Circuit explained that this narrow exception is for testimony by a non-movant that possesses the following two characteristics: (1) it constitutes almost the exclusive basis for a disputed issue of fact in the case (or, expressed differently, it is largely unsubstantiated by any other direct evidence); and (2) it is so lacking in credibility (because the testimony is incomplete and/or replete with inconsistencies and improbabilities) that, even after drawing all inferences in the light most favorable to the non-movant, no reasonable jury could find for the non-movant.[7] Again, it must be remembered that the circumstances giving rise to

---

[6] *See Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 174 (2d Cir. 2006) ("[C]redibility, in the ordinary course of things, is for a fact-finder to evaluate."); *Stichting v. Schreiber*, 407 F.3d 34, 55 (2d Cir. 2005) ("[T]o resolve at the summary judgment stage, and before Mead testifies, the question of whether a reasonable jury might believe Mead would, we think, amount to a credibility determination that we are not entitled to make."); *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996) (at the summary judgment stage, the court "is . . . to eschew credibility assessments"); *accord*, *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."); *accord*, *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005); *see also Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying [the summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."); *accord*, *U.S. v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994).

[7] *See Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) ("[I]n the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether . . . there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account. . . . In the circumstances presented in the instant case-where (1) the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the District Court, even after drawing all inferences in the light most favorable to the plaintiff, determined that no reasonable person could believe Jeffreys' testimony, . . . we hold that the District Court did not err by awarding summary

this exception are "rare."[8]

Here, Defendants argue that Magistrate Judge Peebles should have discredited Plaintiff's statement (made on June 16, 2005) that his physical injuries had been caused by an assault by Defendants (on June 5, 2005), because that statement was inconsistent with his earlier statement to a health care provider (made on June 5, 2005) that his physically injuries had been caused by a fall in a shower.  (Dkt. No. 85, Part 1, at 5.)  Defendants are correct that the two statements are inconsistent.  However, it is not true that the statement of June 16, 2005, constitutes the exclusive, or almost the exclusive, basis for a disputed issue of fact in the case.  Magistrate Judge Peebles correctly observed that the statement of June 16, 2005, was corroborated by (1) Plaintiff's later sworn statements to the same effect (*see* Dkt. No. 1, ¶¶ 6[6]-6[8] [Plf.'s Verified Compl.]; Dkt. No. 1, at 15, ¶¶ 12-13 [Plf.'s Decl. in Support of his Compl.]; Dkt. No. 55, Part 3,

---

judgment.  Because no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in the complaint, . . . conclude that summary judgment was appropriate.") [internal quotation marks and citations omitted]; *cf. Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42-46 (2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line [1] was "unsupported by documentary or other concrete evidence," and indeed was contradicted by the other record evidence, and [2] was "conclusory" and "inconsistent" with plaintiffs' present representations); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612-15 (S.D.N.Y. 2004) (plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony [1] recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign," and [2] were inconsistent with plaintiff's other statements and claims), *aff'd*, 136 F. App'x 383 (2d Cir. 2005) (unreported decision, cited not as precedential authority but merely to show the case's subsequent history, in accordance with Second Circuit Local Rule § 0.23).

[8]     *Jeffreys*, 426 F.3d at 554; *Caraballo v. City of New York*, 05-CV-8011, 2007 WL 1584202, at *6 (S.D.N.Y. May 31, 2007); *Blake*, 487 F. Supp.2d at 202; *Dove v. City of New York*, 03-CV-5052, 2007 U.S. Dist. LEXIS 18341, at *16 (E.D.N.Y. March 15, 2007); *Chapel Park Villa, Ltd. v. The Travelers Ins. Co., Inc.*, 02-CV-0407, 2006 WL 2827867, at *7 (W.D.N.Y. Sept. 29, 2006); *Allah v. Greiner*, 03-CV-3789, 2006 WL 357824, at *2 (S.D.N.Y. Feb. 15, 2006).

¶¶ 13, 15, 26 [Plf.'s Decl.]), and (2) a modicum of medical evidence substantiating that, at or about the time of the alleged assault, Plaintiff suffered physical injuries that are plausibly consistent with his claim (*see* Dkt. No. 53, Part 11 [Ex. E to Viglucci Affid., attaching Plf.'s medical records]; Dkt. No. 55, Part 3, at 12-19 [Exs. 6-13 to Plf.'s Decl., attaching Plf.'s medical records].)  *See Murray v. Palmer*, 03-CV-1010, 2008 WL 2522324, at *20 (N.D.N.Y. June 20, 2008) (Hurd, J., adopting, on *de novo* review, Report-Recommendation) (finding that the plaintiff's affidavit testimony was not so unsubstantiated as to be incredible under exception created by *Jeffreys v. City of New York*, 426 F.3d 549 [2d Cir. 2005]).

It should be noted that, contrary to Defendants' argument, Magistrate Judge Peebles did not "discount[]" Plaintiff's statement of June 5, 2005, "in favor of" his statement of June 16, 2006.  (Dkt. No. 85, Part 1, at 6.)  Magistrate Judge Peebles merely recognized that Plaintiff's statement of June 16, 2006, was not so unsubstantiated by other evidence as to trigger the narrow exception discussed in *Jeffreys*.  Defendants remain free to use Plaintiff's statement of June 5, 2005, to try to persuade a jury that no assault occurred.  It should also be noted that conspicuously missing from Defendants' motion papers are affidavits from Defendants Church and Vann denying their involvement in the alleged assault on Plaintiff.  (*See generally* Dkt. No. 53.)

Because the Court finds that the first prong of the two-part test set forth by *Jeffreys* has not been satisfied, there is no need to proceed to the second prong of that test (e.g., examining the statements' inconsistencies and improbabilities).  The Court notes that, even if it were to proceed to that prong, it would be have difficulty concluding that Plaintiff's statement of June 5, 2005, and his statement of June 16, 2005, are wholly irreconcilable, given his proffered

explanation that he made the statement of June 5, 2005, out of fear of retribution by Defendants. (Dkt. No. 1, ¶ 6[8] [Plf.'s Verified Compl.]; Dkt. No. 55, Part 1, ¶ 5 [Plf.'s "Statement of Facts"].) *See Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 112 (2d Cir.1998) ("If there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because of an earlier account that was ambiguous, confusing, or simply incomplete.") [emphasis added].  As a result, the Court adopts this portion of the Report-recommendation.

       **ACCORDINGLY**, it is

       **ORDERED** that the Report-Recommendation (Dkt. No. 80) is hereby **ADOPTED** in its **ENTIRETY**; and it is further

       **ORDERED** that Defendants' First Motion for Summary Judgment (Dkt. No. 53) is **GRANTED IN PART** in that the Second and Third Causes of Action of Plaintiff's Complaint (Dkt. No. 1), asserting claims of retaliation and food deprivation, are **DISMISSED** with **prejudice**; and it is further

       **ORDERED** that First Motion for Summary Judgment (Dkt. No. 53) is otherwise **DENIED**, and that the First Cause of Action of Plaintiff's Complaint (Dkt. No. 1), asserting a claim of excessive force, shall be **SET DOWN FOR TRIAL**.

Dated: November 10, 2008
     Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge